Judge Biiooice
delivered the Court’s Opinion as follows;—
The Court is of opinion j that the Deed from Le Messurier to Colquhoun, dated on the 15th of July 1805, is to he regarded as executed on that day, or within one week succeeding it. The rule is, that a deed is to be taken to be executed on tbe day of it’s date, unless it appears to have been executed on some other day. The testimony of Le .Messuner fixes the execution within the period last mentioned,- and the testimony of the two witnesses, to his supposed acknowledgment to the contrary when not on oath, is not considered by tbe Court as outweighing his testimony. He is entirely disinterested, and no bias is imputable to him. That the deed in question was executed with the. deed for the personal estate on the tenth day of August in the same year, as is stated by the wit *556 nesses to have been acknowledged by Le Messurier, is not probable. The contrary would be inferred from the circumstance that they are witnessed by different persons.
n°te that is claimed to be tacked by the appellee to his deed of the 9th of July 1805, is dated on the 25th of that month, and of course is posterior to the deed to the appellant; and the claim of the latter under that deed must be first satisfied, unless it can be repelled by the right asserted by the appellee to tack the two thousand dollars due on the note to the balance due on his deed of the 9th of July 1805. On this question the Court, (not deciding in what respects deeds of trust may be considered to differ from mortgages, and putting them on an equal footing as regards the present controversy,) is of opinion that the right of the appellee, thus asserted, can not be sustained.—In the case of Shepherd v. Titley, 2 Atk. 348, the attempt was to tack a loan of 800Z., upon bond, to a prior mortgage on which 800Í. had been paid, in exclusion of a subsequent mortgage: but the Court held that ar bond could not be tacked, without a written agreement; not being a lien on the land, except, as against the heir, to prevent circuity of action; that the new loan could not be considered as a part of the old debt; there being a receipt for the 800L, and a stoppage of the interest. In the case ef Heams v. Bance, 3 Atk, 630, the same doctrine is advanced; and the Court decided that, even against creditors under a devise to pay debts, the bond was only a claim upon the general assets, and could not be tacked to a prior mortgage. The cases referred to, in which a deposit of Title-papers, explained by oral testimony to be a pledge for the payment of money loaned, has been held to amount to a mortgage, and to give priority to a subsequent lien on the property, the Court is of opinion do not apply. If they did, the Court would not incline to countenance decisions which the English Judges complain of, as having opened the door to frauds which the Statute intended to close. In these cases the Courts in England have considered the delivery of title-papers as prima fide evidence of the part execution of a contract, •and the foundation for an explanation of the nature of it *557 by pavol evidence,(a) The giving the note in this case for *§2000, has laid no such foundation. It can not be pretended thal per se it is any evidence of an intention to create a lien on any specific properly; and to let in parol evidence to that effect would completely defeat the object of the Statute against frauds in this respect. The case of Williamson v. Gordon, 5 Munf. 257. the Court is of opinion, under this view of the case, does not touch the present question. Williamson had purchased the property from the Trustee, had his contract to make him a title, and had paid the purchase money to the creditors of Sinclair, without notice of the subsequent lien of Gordon. His claim was not to a lien on the property, but to a legal title to the property itself; and this Court held that, having that claim, he ought to be considered as holding the legal title.
Without resorting, therefore, lo the date of the deed to Colquhoun as giving him priority, the Court is of opinion, that neither the Bond, nor the note for *§2000, can stand in the way of the claim of the appellant under that Deed.
The Decree of the Chancellor is on these grounds reversed; and the cause is to he sent back, lo he proceeded in according to the principles of this decree.

 2 Bro. Ch. cas. 269.